# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PORTER DOUGLAS WHITE, et al., | ) | 1:08-cv-00738 OWW GSA |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| v. | ) | (Documents 1 and 2) |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendants. | ) | |

## **BACKGROUND**

Plaintiff Porter Douglas White, who is proceeding in propia persona, has submitted a complaint which purports to be a complaint on behalf of himself and also on behalf of three other named plaintiffs who did not sign the complaint. Plaintiff, a lay person, cannot represent another party in an action. Fed. R. Civ. P. 11(a) requires that every paper filed in an action shall be signed by an attorney of record or by the party if not represented by an attorney. Further, Local Rule 7-131(b) provides that all pleadings and non-evidentiary documents must be signed by the individual attorney for the party representing them or by the party involved if that party is appearing in propia persona; the name of the person signing the document shall be typed underneath the signature.

In the interest of the efficient administration of justice, the court construes Plaintiff's complaint as pertaining only to him and DISREGARDS the other names identified in the caption.

1


**DISCUSSION**

I.    Allegations in Complaint

Plaintiff filed this civil rights action on May 29, 2008, against the United States of America, Michael Dukasey in his official capacity as Attorney General-2008, Tom C. Clark-Attorney General-1947, James T. Conway in his official capacity as Commandant of the US Marine Corps, and G.H. Kissinger, Lt. Col. U.S. Marine Corps in 1947.  Plaintiff alleges that G.H. Kissinger falsified a federal record and deprived Plaintiff of rights guaranteed by the Fifth and Fourteenth Amendments.  Complaint, at ¶ 1b.  Plaintiff further alleges that such violations "were/are prohibited by the cruel and unusual punishment clause of the Eighth and Fourteenth Amendments as well as is [sic] in violation of Title 18 United States Code, Section 1519."  Complaint, at ¶ 1b.

Plaintiff factually contends as follows: Plaintiff re-enlisted in the U.S. Marine Corps on May 7, 1946, and was given a bad conduct discharge on August 7, 1947.  The report of separation stated that Plaintiff did not have any previous service even though he first entered the U.S. Marine Corps on September 3, 1943, and was honorably discharged on May 6, 1946.  From 1947 through October 2002, Plaintiff was unable to attend school or to obtain work as a WWII Veteran because the report of separation stated he entered the Marine Corps on May 7, 1946. Plaintiff went into a life of crime following his 1947 discharge because all "GI Bill Rights had been denied by the false claim that he was not a World War II Veteran."  Complaint, at ¶ 8. Plaintiff further contends that he would not have gone into a life of crime if the GI Bill had been available for him.  Complaint, at ¶ 9.

Concurrent with his complaint, Plaintiff filed a document entitled "Request Permission to Sue the United States."  (Doc. 2).  In his request, Plaintiff alleges that the United States is liable because a federal agent deliberately falsified a federal record in order to conceal Plaintiff's veteran status.

On June 11, 2008, Plaintiff filed a document entitled "Statement of Jurisdiction," which alleges that this court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343.  (Doc. 3).

1  II.     Dismissal of Complaint

2  "[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark,*
3  *714 F.2d 77, 78 (9th Cir. 1983)*; Fed. R. Civ. P. 12(h)(3) (court must dismiss action whenever it
4  determines that it lacks subject-matter jurisdiction). A trial court also may dismiss a claim *sua*
5  *sponte* under Fed. R. Civ. P. 12(b)(6) where the claimant cannot possibly win relief. *Omar v.Sea-*
6  *Land Service, Inc.* 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th
7  Cir. 1981).

8        A.     Claims Against the Government

9  In this instance, Plaintiff may not maintain a section 1983 action against the United
10 States. Section 1983 provides a remedy for the violation of federal rights by persons acting under
11 color of state law. A section 1983 action will not lie against the United States government or its
12 agencies under federal law. These entities are not "persons" that can be sued under the statute,
13 and actions of the federal government are facially exempt from section 1983. *District of*
14 *Columbia v. Carter*, 409 U.S. 418, 424-425 (1973).

15 Further, Plaintiff contends that the defendants concealed his records to deny his eligibility
16 for service-connected benefits. The determination of Plaintiff's claims would necessitate that the
17 court first consider whether Plaintiff was entitled to veterans benefits for service rendered prior
18 to 1947 under the "GI Bill." This determination implicates laws that affect the provision of
19 benefits to him as a veteran and come under the laws administered by the Department of
20 Veterans Affairs (38 U.S.C. § 301 *et seq.*).[1] In such an instance, the court is foreclosed from
21 exercising its jurisdiction by 38 U.S.C. § 511(a). Section 511(a) provides:

22 > The Secretary [of Veterans Affairs] shall decide all questions of law and fact
> necessary to a decision by the Secretary under a law that affects the provision of
23 > benefits by the Secretary to veterans or the dependents or survivors of veterans.
> Subject to subsection (b), the decision of the Secretary as to any such question
24 > shall be final and conclusive and *may not be reviewed by any other official or by*
> *any court*, whether by an action in the nature of mandamus or otherwise.
25

26 38 U.S.C. § 511(a) (emphasis added). As the determination of veterans benefits is exclusively

27 ―――――――――――――――――――――

28     [1]Plaintiff's complaint indicates that he was referred to Veterans Affairs prior to commencing the present action, but his results "were none." Complaint, at ¶ 13.

within the province of Veterans Affairs, an attempt to challenge the allocation of benefits under the guise of a constitutional attack is not permitted.  Cf. *Tietjen v. United States Veterans Admin.*, 884 F.2d 514, 515 (9th Cir. 1989).

To the extent that Plaintiff's claims can be construed as brought under the Federal Tort Claims Act, a claim cannot lie against the individual defendants.  "The United States is the only proper defendant in a [Federal Tort Claims Act] action." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). However, a suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a).  The claim presentation requirement is a jurisdictional prerequisite to bringing suit and must be affirmatively alleged in the complaint. *Gillispie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980).  Although Plaintiff alleges that he was referred to Veterans Affairs and "the results were none," there is no indication that Plaintiff timely and properly presented his claim to Veterans Affairs, that Veterans Affairs either denied the claim or six months have passed without a final resolution or that he has exhausted his administrative remedies, including any administrative appeals.

B.   Claims Against Individual Federal Defendants

Although *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) provides a remedy for violation of civil rights by federal actors, Plaintiff's claims against the individual defendants under *Bivens* will fail because he does not allege facts that could constitute a violation of any statutory or constitutional right.

First, Plaintiff does not state a claim under the Eighth Amendment because he does not allege that the acts of "cruel and unusual punishment" occurred in connection with the criminal process, but rather with delay in obtaining his military record.  See *Ingraham v. Wright*, 430 U.S. 651, 644 (1977) (prohibition against cruel and unusual punishment designed to protect those convicted of crimes to limit the power of those entrusted with the criminal-law function of government).

1  Second, Plaintiff's claim of a Fourteenth Amendment violation of his due process and
2  equal protection rights also fails as it alleges only federal action.  The Fourteenth Amendment
3  applies to the states, and "actions of the Federal Government and its officers are beyond the
4  purview of the [Fourteenth] Amendment." *District of Columbia v. Carter*, 409 U.S. 418, 424, 93
5  S. Ct. 602, 606 (1973).

6  Third, Plaintiff's claim that the alleged conduct violated his due process and equal
7  protection rights under the Fifth Amendment also fails.  The court acknowledges that while "the
8  Fifth Amendment contains no equal protection clause, it does forbid discrimination that is 'so
9  unjustifiable as to be violative of due process.'" *Schneider v. Rusk*, 377 U.S. 163, 168 (1964); see
10 *Frontiero v. Richardson*, 411 U.S. 677, 680 n. 5 (1973); *Bolling v. Sharpe*, 347 U.S. 497, 499
11 (1954).  Thus, if a classification would be invalid under the Equal Protection Clause of the
12 Fourteenth Amendment, it also would be inconsistent with the due process requirement of the
13 Fifth Amendment. *See Richardson v. Belcher*, 404 U.S. 78, 81 (1971).  However, as previously
14 noted, there is an administrative procedure for resolution of Plaintiff's benefits claim, including
15 the Veterans Judicial Review Act, 38 U.S.C. §§ 7251-7298.  The Supreme Court has restricted the
16 availability of a *Bivens* action where, as here, there is a congressionally created administrative
17 remedy.  *See, e.g., Bush v. Lucas*, 462 U.S. 367, 368 (1983); *Hicks v. Small*, 69 F.3d 967, 969 (9th
18 Cir. 1995) (Veterans Judicial Review Act precludes *Bivens* claim).  Accordingly, Plaintiff cannot
19 win relief on a *Bivens* action and his claims against the individual defendants should be dismissed
20 under Rule 12(b)(6).

21  As a final matter, Plaintiff also cannot maintain a claim in a civil action for violation of
22 Title 18 of the United States Code, section 1519.  Section 1519 is a criminal statute.

### CONCLUSION AND RECOMMENDATION

24  Based on the foregoing, the Court HEREBY RECOMMENDS that this action be
25 dismissed without prejudice.  This Findings and Recommendation will be submitted to the United
26 States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §
27 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations,
28 Plaintiff may file written objections with the court.  The document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 19, 2008**         **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE